IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MAELYNN P.**[1],

        Plaintiff,

   v.

**NANCY A. BERRYHILL**, Deputy
Commissioner for Operations, performing the
duties and functions not reserved to the
Commissioner of Social Security,

        Defendant.

Case No. 2:17-cv-784-SI

**OPINION AND ORDER**

James S. Coon and Scott A. Sell, THOMAS, COON, NEWTON, & FROST, The Thomas Mann Building, 820 SW Second Ave., Suite 200, Portland, Oregon 97204. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Maelynn P. ("Plaintiff") seeks judicial review of the final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying her application for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Insurance Benefits ("DIB"). Because the Commissioner's decision was not based on the proper legal standards and the findings were not supported by substantial evidence, the decision is REVERSED and this case REMANDED for further proceedings.

## STANDARD OF REVIEW

The District Court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Molina v. Astrue*, 673 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. *Id.* at 1110-11 (quotation omitted). The Court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. *Id.* at 1110. The Court may not substitute its judgment for that of the Commissioner. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### A.   Plaintiff's Application

Plaintiff filed her application for SSI on June 4, 2013, alleging disability as of January 1, 2010.[2] AR 70. The claim was denied initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 10, 2015. AR 36-69. After the hearing, ALJ Gordon W. Griggs issued an adverse decision dated

---

[2] At the administrative hearing, plaintiff amended her alleged onset date to January 1, 2012. AR 15, 38.

September 24, 2015, finding Plaintiff not disabled within the meaning of the Social Security Act ("the Act"). AR 13-27. The decision became the final decision of the Commissioner when the Appeals Council denied review. AR 1-3. Plaintiff now seeks review in this Court.

Born in January 1966, Plaintiff was 43 years old on the initial alleged disability onset date and 49 years old at the time of the administrative hearing. AR 71. She is a high school graduate. AR 39-40, 189. Plaintiff alleges disability due to: spinal disc bulging and lower back pain, posttraumatic stress disorder ("PTSD"), shoulder pain, chronic headaches, panic attacks, anxiety, bipolar disorder, attention deficit disorder ("ADD"), and depression. AR 188.

**B.   The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 432(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.   Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R.

§ 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.920(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the

claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, January 1, 2012. AR 15. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical spine degenerative disc disease; status post-surgeries of the foot; bipolar disorder; and panic disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. AR 16. The ALJ next assessed Plaintiff's RFC and found that she: (a) could perform light work, with occasional stooping crouching, crawling, and climbing of ladders, ropes or scaffolds; (b) was limited to at most occasional: (i) overhead reaching and exposure to vibrating tools, machines, and vehicles; (ii) exposure to hazardous conditions such as proximity to unprotected heights and moving machinery; (iii) public interaction and superficial interaction with co-workers; and (c) would not be well-suited to placement in a highly interactive or interdependent work group. AR 18.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a quality control technician. AR 25. At step five, the ALJ alternatively concluded that considering her age, education, work experience, and RFC, Plaintiff could perform the following jobs which existed in significant numbers in the national economy: agricultural sorter and final assembler. AR 26. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act from January 1, 2012, through the date of the decision, January 4, 2017. *Id.*

# DISCUSSION

Plaintiff contends that the ALJ erred by: (1) failing to incorporate into the RFC, and into the hypothetical questions posed to the VE, all of plaintiff's functional limitations; and (2) failing properly to evaluate the medical source opinion of treating physician Russell Harrison, M.D.

## A. RFC Formulation and Hypothetical Questions to VE

The RFC represents the most that a claimant can do despite his or her physical or mental impairments. 20 C.F.R. § 404.1545. In formulating the RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." *Id.* In determining a claimant's RFC and posing corresponding hypothetical questions to the VE, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations that are supported by substantial evidence must be incorporated into the RFC and hypothetical questions to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). "The [VE's] opinion about a claimant's [RFC] has no evidentiary value if the assumptions in the [decisive] hypothetical are not supported by the record." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (citation omitted).

Plaintiff argues that the ALJ erroneously omitted from the RFC a limitation regarding "need[ing] a predictable work setting," as opined by reviewing physician Joshua J. Boyd, Psy.D. AR 83. The Commissioner responds that the ALJ either reasonably omitted the limitation or that to the extent the ALJ erred in omitting the limitation, the error was harmless. In support of the former, the Commissioner contends that the ALJ did not give Dr. Boyd's opinion full weight, and notes that the ALJ provided a sufficient explanation for deviating from Dr. Boyd's

assessment that plaintiff was limited to simple work. AR 22; Def.'s Br. 5. The Commissioner's point is not responsive to plaintiff's argument, however. Although the ALJ provided a rationale to reject Dr. Boyd's opinion regarding simple work, the ALJ failed to provide any explanation for rejecting Dr. Boyd's opinion regarding a predictable work setting. This omission constitutes error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Indeed, the Commissioner concedes that "the ALJ should have included this limitation or some variation of it in the [RFC] finding and the hypothetical questions to the [VE]." Def.'s Br. 6. The question, then, is whether the ALJ's error was harmless.

The Commissioner argues that the error was harmless because at step five, the ALJ identified two jobs which, by virtue of their Specific Vocational Preparation ("SVP") level, "account for a limitation to a predictable work setting." Def.'s Br. 2.[3] Specifically, the Commissioner argues that the jobs identified at step five are SVP 2, and therefore correspond to "unskilled" work, the basic demands of which require no more than "routine" work settings and "usual work situations." Def.'s Br. 6 (citing SSR 85-15, 1985 WL 56857, at *4).

The Commissioner's argument misstates, however, SSR 85-15. It is not that unskilled work requires *no more than* routine work settings and usual work situations. Rather, even unskilled work requires the capacity "*to deal with changes* in a routine work setting." SSR 85-15, at *4 (emphasis added). Presumably, if a worker were limited to a predictable work setting, the worker would be unlikely adequately to deal with changes in even a routine work

---

[3] The Court notes that despite the ALJ's alternative findings at step five, the ALJ found at step four that plaintiff could return to her past relevant work as a quality control technician, which is SVP 4. *See* AR 25.

setting. In other words, had the limitation been included in the RFC and hypothetical question posed to the VE, the VE's answer likely would have been different. Therefore, the Court cannot find that the ALJ's omission was necessarily inconsequential to the non-disability decision. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Remand is required to address this issue.

**B.     Medical Opinion Evidence**

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

Treating physician Dr. Harrison opined on February 14, 2014, that plaintiff would likely miss three days per month based on the medical impairments of "bipolar, depression, and pain."

AR 610.[4] The ALJ rejected the opinion, stating that it "primarily relied on mild MRI findings, which I find insufficient to support a finding of three absences per month." AR 24. Dr. Harrison's opinion, however, was not based solely on the MRI findings. The doctor expressly indicated that plaintiff's absenteeism was related to her mental impairments in addition to her physical pain. To the extent that the ALJ determined plaintiff had the severe impairments of bipolar disorder and panic disorder, which caused moderate limitation in Plaintiff's social functioning and concentration, persistence, and pace, it was not reasonable for the ALJ to disregard without comment Dr. Harrison's opinion that mental impairments likely would contribute to absenteeism. *See* AR 15, 17. As such, the ALJ's finding is not supported by substantial evidence.

Plaintiff also assigns error to the ALJ's rejection of Dr. Harrison's opinion that plaintiff must lie down for two hours, three to four times per week. The ALJ disregarded this assessment, finding it overly reliant on Plaintiff's unsubstantiated subjective reports. AR 24. Plaintiff argues that the medical opinion is supported by the cervical MRI of July 2012, but Dr. Harrison indicated that the limitation was due to "headaches," not a cervical spine condition. AR 609. Accordingly, as the proper arbiter of conflicts and ambiguities in the medical record, the ALJ was within his authority to reject this asserted limitation. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (ALJ need not accept medical opinion that is brief, conclusory, or unsupported by clinical findings) (citation omitted). The ALJ did not err in assessing plaintiff's alleged need to lie down.

**C.      Remand for Further Proceedings**

---

[4] The VE testified that missing two or more days per month would not be acceptable job performance. AR 65.

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison*, 759 F.3d at 999. The Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved. In conducting this review, the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.
>
> If the district court does determine that the record has been fully developed and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. Said otherwise, the

> district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true. If so, the district court may exercise its discretion to remand the case for an award of benefits. A district court is generally not required to exercise such discretion, however. District courts retain flexibility in determining the appropriate remedy and a reviewing court is not required to credit claimant's allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted).

Plaintiff does not dispute that if the ALJ's decision is not upheld, this case should be remanded for additional proceedings. *See* Pl.'s Br. 6; Pl.'s Reply 7. The Court agrees. On remand, the ALJ must explicitly accept or reject the limitation regarding a predictable work setting, and, if applicable, provide legally sufficient reasons for rejecting Dr. Harrison's opinion that Plaintiff's mental impairments would likely contribute to an average of three days per month of missed work.

## CONCLUSION

Because the Commissioner's decision was not based on proper legal standards and not supported by substantial evidence, the decision is REVERSED, and this case REMANDED for further proceedings.

**IT IS SO ORDERED.**

DATED this 27th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge